IN THE CIRCUIT COURT OF MONTGOMERY COUNTY MARYLAND

| | |
|---|---|
| Sameh Komeha<br>4515 Willard Ave, Apt 2306<br>S. Chevy Chase, MD 20815<br><br>      Plaintiff,<br>v.<br><br>Leidos, Inc.<br>1750 Presidents Street<br>Reston, VA 20190<br><br>      Defendant, | Case No.: 483490 |

## COMPLAINT

Comes now Plaintiff, Sameh Komeha, through undersigned counsel, and herein files the instant employment discrimination and retaliation complaint against Defendant, Leidos, Inc. ("Defendant" or "Leidos").

Plaintiff is an Egyptian, Arab male who is over the age of 40. Plaintiff is an experienced government contracting employee. From 2017 to 2018, Plaintiff was successfully employed as an executive desktop support specialist working for a government contractor in Bethesda, Maryland. However, once Defendant, Leidos, Inc. bid on and was successful in procuring Mr. Komeha's contract, Leidos required employees to "reapply to their positions" for the Bethesda contract beginning January, 2019. In reality, Leidos utilized this reapplication period to weed out older, Arab employees that were either a) more experienced than their younger counterparts or b) in a racial or national origin category that was at odds with a perceived political agenda. As such, Mr. Komeha was replaced by applicants in their mid-20s

1

with many, many fewer years of experience. After administratively exhausting his remedies, Mr, Komeha filed this lawsuit pursuant to the Montgomery County Code, the Maryland Fair Employment Practices Act, the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964.

1. Sameh Komeha ("Plaintiff") is a resident of the State of Maryland.

2. Plaintiff is Arab.

3. Plaintiff is Egyptian.

4. Plaintiff is over the age of 40.

5. Leidos is a federal government contractor.

6. Upon information or belief, Leidos' principal place of business and corporate headquarters are located in Reston, VA.

7. Upon information and belief, Leidos employs more than 5000 employees.

8. Leidos describes itself as a "scientific, engineering and technology applications company that helps its government and commercial customers solve problem."

9. Upon information and belief, Leidos holds billions of dollars of contracts with various federal agencies for government services.

10. Leidos is one of the largest government contractors in the world with a market capitalization of approximately $12,900,000,000.00

11. At all times relevant to this complaint, Plaintiff was an applicant for employment with Leidos.

12. At all times relevant to this complaint, Plaintiff was qualified for the position with Leidos that Plaintiff applied to.

## JURISDICTION AND VENUE

13. At all times relevant to this complaint, the position for which Plaintiff applied for employment with Leidos was located in Bethesda, Maryland.

14. At all times relevant to this complaint, the position for which Plaintiff applied to Leidos was located out of an office located in Bethesda, Maryland.

15. The employment actions that form the basis of this complaint substantially occurred in the State of Maryland.

16. The discriminatory employment actions that form the basis of this complaint substantially occurred in the State of Maryland.

17. The Leidos employees that made the decisions to deny Plaintiff employment were employed in Maryland.

18. The discriminatory employment decisions that form the basis of this complaint substantially occurred in the State of Maryland.

19. Venue is proper in this Court under the Maryland Fair Employment Practices Act, and the Montgomery County Code as the majority of the employment decisions in this matter occurred in Montgomery County Maryland.

20. This Court has subject matter over these claims pursuant to Maryland State Government Article §20-1013 and §20-1202(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Plaintiff has exhausted his administrative remedies prior to filing this suit.

22. Plaintiff timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

23. Plaintiff's EEOC charge is identified in the EEOC's records as Charge No. 531-2019-02715.

24. Pursuant to the EEOC's "work-share" agreement, Plaintiff's charges were cross-filed with the Maryland Commission on Civil Rights and the Montgomery County Office of Human Rights.

25. Plaintiff has administratively exhausted his state law and federal claims.

26. The instant complaint is being filed within two years of the retaliatory non-selection pursuant to Maryland State Government Article §20-1013 and §20-1202(b).

27. Plaintiff received a right to sue letter from the EEOC on or about August 16, 2020. (Attached hereto as Ex. 1)

## FACTS

28. In or around December 2017, Plaintiff began working for government contractor "KForce."

29. KForce is a government contracting company.

30. Plaintiff was employed by KForce as a government contractor "Executive Desktop Support" specialist.

31. Plaintiff has over twenty years' of experience in the desktop support space.

32. Plaintiff is a highly skilled and competent desktop support specialist with an emphasis on government contract support.

33. Throughout Plaintiff's employment with KForce, he was appreciated by the government client and successfully performed the functions of his position up to government client standards.

34. For example, Dara Abrahams, Department of Health & Human Services, Centers for Medicare & Medicaid services described her observation of Plaintiff's work as "great customer service" and there was "appreciate[ion]" for the work that he provided.

35. Another government employee Haythim Alaubaidi, described Mr. Komeha's performance as the "amazing work he performed during the past two years or so dealing with multiple issues."

36. With respect to Plaintiff's work on desktop support, Plaintiff is described as spending "hours working on my tickets and the professionalism he always shown me was very impressive...I have never worked with a more knowledgeable engineer, self-motivated and dedicated as I did with Mr. Komeha."

37. Another Department of Health and Human Services, Center for Medicare and Medicaid Services employee stated that she found Plaintiff's ability to assist with "disruptive tech issues" as always "quick to respond, troubleshoot and solve problems. I've found him to be extremely helpful over the last few months..."

38. Plaintiff avers that the observations of Plaintiff's government client colleagues are true and accurate representations of his performance as a desktop support technician and that Plaintiff met the expectations of the position.

39. In September 2018, Defendant Leidos was the successful bidder on Plaintiff's Bethesda Government contract.

40. Leidos was slated to begin performance on the contract in early 2019.

41. At some point thereafter, Leidos made the decision to that it would require positions (to begin on the 2019 contract) to apply directly to Leidos and that such persons would become Leidos employees.

5

42. This is true, notwithstanding that Plaintiff and many others were already performing of the duties of the positions and had done so since at least 2017.

43. In late 2018, Plaintiff was told by KForce personnel he would be "rehired" by Leidos the contract.

44. Plaintiff believed this to be the case due to Plaintiff's outstanding record of performance and superior qualifications.

45. Plaintiff applied to Leidos for the same position that Plaintiff held on the KForce Contract.

46. However, on January 7, 2019, Plaintiff was informed that he would not be hired by Leidos for the position and that there "were more qualified candidates."

47. Plaintiff was replaced in his position by a female candidate (non Arab-non Egyptian) in her mid-20s who had, relative to Plaintiff, little to no experience.

48. Plaintiff was substantially more qualified than the 20-something candidate selected.

49. The 20 something candidate had approximately five months of experience as a help desk employee in contrast to Plaintiff's 20 years of experience in the field.

50. Another employee, "Andre" (who is not Arab/Not Egyptian) has substantially less experience than Plaintiff.

51. Plaintiff trained Andre while they were both employed at KForce to perform IT and Help Desk functions.

52. Ultimately, the Candidates that Leidos selected were either younger and/or not Arab or Egyptian.

53. The hiring pattern demonstrates that Leidos made the decision not hire a significant number of the older government contract employees employed by K Force.

54. Leidos hired substantially younger and less experienced candidates to replace Plaintiff and Plaintiff's older coworkers.

55. Leidos also demonstrated an intent to clear itself of many of the Arab and Older workers.

56. Leidos acted discriminatorily in making its hiring positions for the Bethesda contract.

57. Leidos was motivated by discrimination in making the hiring decision for its Bethesda contract.

58. Leidos' actions were willful and/or malicious.

59. Defendant acted in reckless disregard of Plaintiff's legal rights.

## COUNT I - DISCRIMINATION (AGE) IN VIOLATION OF MARYLAND CODE, STATE GOVERNMENT TITLE 20-601, *et seq.* the MONTGOMERY COUNTY CODE and THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§621, *et seq.*

60. Plaintiff hereby adopts and incorporates all aforesaid paragraphs as if fully reproduced herein.

61. Defendant discriminated against Plaintiff in violation of the Maryland Code, State Government Title 20-601, *et seq.*, the Montgomery County Code. §27-19 *et seq* and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.

62. Defendant refused to hire Plaintiff because of Plaintiff's age.

63. Plaintiff is over the age of 40 and is a member of a protected class.

64. Defendant was motivated by Plaintiff's age in refusing to hire Plaintiff.

65. Plaintiff applied for the position.

66. Plaintiff was qualified for the position.

67. Plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.

68. Plaintiff's position was filled by a female outside of Plaintiff's protected class (under the age of 40).

69. Plaintiff's position was filled by a younger candidate far less qualified than Plaintiff.

70. Plaintiff was originally told by KForce that he would be given an offer for the position. KForce was aware that Plaintiff was qualified for the position and was applying for the Leidos position.

71. Defendant rejected the applications of other Desktop Technicians and support staff that were over the age of 40 and gave those positions to employees outside of the protected class.

72. Plaintiff's age was a motivating factor in Defendant's refusal to hire Plaintiff.

73. Defendant chose not to hire Plaintiff because of Plaintiff's age in violation of the Maryland Code, State Government Title 20-601, *et seq.*, the Montgomery County Code §27-19 and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.

74. Defendant's actions were willful and malicious.

75. Plaintiff administratively exhausted his remedies prior to filing this suit.

76. As a proximate result of Defendant's discrimination, Plaintiff suffered humiliation, fear, intimidation, ridicule, upset, economic losses and other emotional injuries and will suffered severe damages and injuries including but not limited to, humiliation, loss of self-esteem, hurt, fear, frustration, emotional distress inconvenience and damage to her professional reputation.

77. As a proximate result of Defendant's discrimination, Plaintiff suffered damages in the form of lost wages, lost compensation, future lost earnings, economic losses,

future loss of retirement benefits. Plaintiff seeks an award for back-wages, front-wages, lost benefits, pecuniary damages, non-pecuniary damages, compensatory damages, punitive damages, injunctive relief (including reinstatement and/or front wages) attorneys' fees and costs and all other available relief under the law.

**COUNT II - DISCRIMINATION (RACE AND NATIONAL ORIGIN) IN VIOLATION OF MARYLAND CODE, STATE GOVERNMENT TITLE 20-601,** *et seq.* **the MONTGOMERY COUNTY CODE and TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

78. Plaintiff hereby adopts and incorporates all aforesaid paragraphs as if fully reproduced herein.

79. Plaintiff is a member of a protected class (race)(Arab).

80. Plaintiff is a member of a protected class (national origin)(Egyptian)

81. Defendant had an open position to which Plaintiff applied.

82. Plaintiff was qualified for the position.

83. Plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination.

84. Plaintiff was denied the position due to his race.

85. Plaintiff was denied the position due to his national origin.

86. Defendant was motivated by Plaintiff's race and/or national origin in denying Plaintiff the position.

87. Plaintiff's position was filled by a female outside of Plaintiff's protected class (non-Egyptian/non-Arab).

88. Plaintiff was position was filled by a candidate far less qualified than Plaintiff.

89. Plaintiff was originally told by KForce that he would be given an offer for the position. KForce was aware that Plaintiff was qualified for the position and was applying for the Leidos position.

90. Defendant discriminated against Plaintiff in violation of the Maryland Code, State Government Title 20-601, *et seq.*, the Montgomery County Code. §27-19 *et seq* and Title VII of the Civil Rights Act of 1964.

91. As a proximate result of Defendant's discrimination, Plaintiff suffered humiliation, fear, intimidation, ridicule, upset, economic losses and other emotional injuries and will suffered severe damages and injuries including but not limited to, humiliation, loss of self-esteem, hurt, fear, frustration, emotional distress inconvenience and damage to her professional reputation.

92. As a proximate result of Defendant's discrimination, Plaintiff suffered damages in the form of lost wages, lost compensation, future lost earnings, economic losses, future loss of retirement benefits. Plaintiff seeks an award for back-wages, front-wages, lost benefits, pecuniary damages, non-pecuniary damages, compensatory damages, punitive damages, injunctive relief (including reinstatement and/or front wages) attorneys' fees and costs and all other available relief under the law.

## DEMAND FOR RELIEF

93. Plaintiff demands an award under Count I and Count II for back-wages, front-wages, lost benefits, pecuniary damages, punitive damages, non-pecuniary damages, compensatory damages, injunctive relief (including reinstatement and/or front wages) attorneys' fees, costs, pre-judgment and post-judgment interest and all other available relief under the law.

94. Plaintiff demands that damages be awarded by a jury of Plaintiff's peers. Plaintiff seeks an award that compensates Plaintiff's losses in such amount that exceeds $75,000 on all counts.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all counts.

Very respectfully,

*Daniel E. Kenney /s/*
Daniel E. Kenney, Esq.
Bar No. 1106150144
DK Associates, LLC
5425 Wisconsin Avenue, Suite 600
PMB #653
Chevy Chase, MD 20815
202-430-5966 Phone
dan@dkemployment.com